UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **JON LEVINE,** | : | CIVIL ACTION NO.: |
| | : | |
| Plaintiff, | : | 3:25-cv-01810 (   ) |
| | : | |
| v. | : | |
| | : | |
| **ADP, INC.,** | : | |
| | : | |
| Defendant. | : | October 28, 2025 |
| | : | |

**COMPLAINT**

I. **INTRODUCTION**

1. Jon Levine was a successful District Manager for Major Accounts at ADP, Inc., where he was consistently recognized for his high performance with merit raises, bonuses, and favorable feedback. A dedicated employee, Mr. Levine worked through a September 2021 cancer diagnosis, four rounds of chemotherapy, and more than a month of radiation.

2. Despite Mr. Levine's continued success and dedication – which earned him an all-expense-paid trip in December 2023 for his outstanding performance – and shortly after Mr. Levine took protected FMLA leave, disclosed his related mental health disability, and complained to human resources about discrimination, ADP terminated his employment on April 22, 2024.

3. ADP's stated reason for the termination, that Mr. Levine failed to meet his April 2024 goal, was demonstrably false, as he had exceeded his sales goals for the month, quarter, and year-to-date.

4. The conduct of ADP gives rise to claims for interference and retaliation in violation of the Family and Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA"); discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq*. ("ADA"); discrimination and retaliation in violation of the Connecticut Fair Employment Practices Act,

1

Conn. Gen. Stat. § 46a-60 *et seq*. ("CFEPA"); and wrongful discharge in violation of public policy.

5. Mr. Levine demands a jury trial on all claims so triable.

## II. JURISDICTION AND VENUE

6. The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331, as this action arises under the laws of the United States, including the FMLA and the ADA.

7. Venue is proper in this District under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the asserted claims occurred in Connecticut.

8. This Court has supplemental jurisdiction over the Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367, because they form part of the same case or controversy as the federal law claims.

## III. PARTIES

9. The Plaintiff, Jon Levine, resides in Burlington, Connecticut.

10. The Defendant, ADP, Inc. ("ADP" or "Defendant"), is a corporation with a business address in West Hartford, Connecticut.

11. Upon information and belief, the Defendant employs 50 or more employees.

12. At all relevant times, the Defendant was an employer within the meaning of the FMLA, ADA, and CFEPA.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

13. The Plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), alleging disability discrimination and retaliation against the Defendant. The complaint was dual-filed with the federal Equal Employment Opportunity Commission.

14. The complaint was filed in a timely manner, within 300 days of the Defendant's last discriminatory and retaliatory act against the Plaintiff, which occurred on April 22, 2024.

15. Mr. Levine received a Release of Jurisdiction from the CHRO, dated August 14, 2025.

16. Mr. Levine filed this Complaint within 90 days of his receipt of the CHRO's release of jurisdiction.

## V. STATEMENT OF FACTS

### A. Mr. Levine Performs Excellently for ADP, and ADP Routinely Recognizing his Performance.

17. On April 6, 2020, ADP hired Mr. Levine as a District Manager for Major Accounts.

18. Mr. Levine consistently performed well in his position. Time and time again, ADP recognized his strong performance with favorable feedback, merit raises, and commission-based bonuses.

### B. Mr. Levine is Diagnosed with Cancer and Develops Other Resultant Disabilities and is Required to Take Medical Leave.

19. In September 2021, Mr. Levine was diagnosed with cancer.

20. A dedicated employee, Mr. Levine continued to work throughout his cancer treatment, which included four rounds of chemotherapy and more than a month of radiation therapy.

21. During his cancer treatment, Mr. Levine underwent surgery twice. He took short, intermittent medical leaves following each surgery to recover but continued to respond to emails and returned to work as soon as he was physically able.

22. In July 2022, Mr. Levine suffered complications following his last surgery. Consequently, he spent the second half of 2022 physically recovering and regaining his strength

23. Despite these challenges, Mr. Levine continued to work throughout the second half of 2022. He received positive feedback on his work performance during that time.

24. Like many of his co-workers, and in light of his battle with cancer, Mr. Levine did not hit his performance plan in 2021 or 2022.

25. After he physically recovered from cancer, Mr. Levine began to suffer from mental health-related disabilities as a result of his cancer diagnosis and treatment, including sleeplessness, anxiety, and fear. He sought and received treatment from a mental health provider for these conditions.

  **C. Soon After Mr. Levine Discloses his Disabilities to ADP and in Spite of Mr. Levine's Outstanding Performance, ADP Subjects Mr. Levine to Discriminatory Treatment.**

26. On May 5, 2023, Mr. Levine disclosed his mental health disabilities and ongoing physical side effects from his cancer treatment to his then-manager, John Brickel, and Mr. Brickel's boss, Shawn Ewald.

27. Approximately two months after Mr. Levine disclosed his disabilities, he agreed to a new fiscal year quota of $625,000.

28. Shortly thereafter, and after Mr. Levine sold a large account, Mr. Ewald unilaterally raised his quota to $725,000. When Mr. Levine questioned the unilateral increase, Mr. Ewald stated he "did not want [Mr. Levine] to sit on" the lower quota.

29. Mr. Levine's performance nonetheless remained outstanding. From December 7 to 10, 2023, ADP recognized his exceptional start to the new fiscal year by sending him on an all-expense-paid "Superstarts Trip" to Puerto Rico for his performance in the first quarter of the 2024 fiscal year.

30. On January 23, 2024, Mr. Levine's new manager, Michael Mercik, and Mr. Ewald issued Mr. Levine a verbal warning.

31. Messrs. Mercik and Ewald justified the warning by citing Mr. Levine's performance during the 2021 and 2022 fiscal years – the same years during which he was undergoing intensive cancer treatment.

32. At no point during the 2021 or 2022 fiscal years did anyone from ADP inform Mr. Levine that his performance had been subpar or a concern.

33. At the time the verbal warning was issued, Mr. Levine was over plan for the 2024 fiscal year.

34. Additionally, on the same day he received the verbal warning, Mr. Levine was recognized during a Divisional Meeting for being ranked the No. 2 Upmarket Representative in his division.

**D.    Mr. Levine Complains About Discrimination and, in Response, ADP Retaliates Against Him.**

35. In early February 2024, Mr. Levine complained to ADP's human resources department that he was being "singled out" and disciplined as a result of his cancer, his treatment, and his resulting mental health decline.

36. A mere three weeks later and on February 26, 2024, Mr. Ewald retaliated against Mr. Levine by serving him with a written warning.

37. At the time ADP issued the written warning, Mr. Levine ranked No. 6 out of 18 sales representatives in his region and was at 108% of his Year-to-Date plan. Upon information and belief, eight of his non-disabled peers were under plan, or behind their sales expectations, at that time but were not disciplined.

38. Rawan Jenkins, Manager of Associate Relations, and Renee Fantasia, Human Resources Director, initially held the written warning in abeyance until ADP conducted an investigation into his complaint that he had made weeks prior.

39. During the human resources investigation conducted by Ms. Jenkins, Mr. Levine provided specific examples of the discrimination he faced, including Mr. Ewald telling him that the only reason he still had a job was because of his previous health challenges and that his cancer had "bought him" another year of work.

40. Mr. Levine also expressed to Ms. Jenkins that he felt his disabilities were being "held against" him.

41. Mr. Levine additionally pointed out to Ms. Jenkins that non-disabled representatives were not subjected to similar discipline that he had been, despite their similar or worse performance. For example, Mr. Levine cited a representative who had missed plan for seven months during the 2023 fiscal year without discipline.

42. Despite its ongoing investigation into this discrimination complaint, ADP officially served the written warning on Mr. Levine on March 15, 2024.

43. On March 17, 2024, Mr. Levine submitted a comprehensive rebuttal to the written warning, challenging its accuracy and providing evidence to correct the misrepresentations contained within it. He sent his rebuttal to Ms. Jenkins, Ms. Fantasia, Mr. Ewald, Mr. Mercik, and Chris Bugli.

44. On April 4, 2024, Mr. Levine received a letter from ADP's human resources department, stating that "the situation has been handled appropriately and is now concluded," effectively dismissing his complaint.

45. Nonetheless, Mr. Levine's strong performance continued unabated. While the investigation into his internal complaint was ongoing and despite receiving the written warning, he hit his target quota in March 2024.

46. By April 18, 2024, Mr. Levine was at 70% of goal and was still over plan Year-to-Date for the 2024 fiscal year.

47. In March and April 2024, Mr. Levine achieved the target for ADP's sales incentive program, "Supersize Gyroll Call." As a result, Mr. Levine received 20% promotional roll call on his April sales, and a promotional achievement was added to his April Year-to-Date dates, pushing them over plan to 110.7%.

**E.     ADP Terminates Mr. Levine's Employment.**

48. Despite his stellar performance, on April 22, 2024, Mr. Bugli and Mr. Fantasia terminated Mr. Levine's employment with ADP.

49. ADP's stated reason for terminating Mr. Levine was his purported failure to meet his sales goal in April 2024.

50. This justification, however, was demonstrably false. As a result of his performance and the promotional incentive, Mr. Levine's April sales were over plan at 110.7%.

51. As of his termination date, Mr. Levine was at 110.7% of his goal for the month, 110.7% of his goal for the quarter, and 109% of his goal for the year.

VI.     **LEGAL CLAIMS**

**COUNT ONE:
RETALIATION,
IN VIOLATION OF
THE FAMILY AND MEDICAL LEAVE ACT, 29 U.S.C. § 2615**

52. Paragraphs 1 through 51 are incorporated herein as if fully pled in this Count.

53. Mr. Levine engaged in activity protected by the FMLA, including by taking medical leave for his serious health condition.

54. Defendant took adverse employment actions against Mr. Levine, including issuing unwarranted discipline and terminating his employment.

55. Mr. Levine's exercise of his rights under the FMLA was a substantial and motivating factor in Defendant's decision to take these adverse employment actions against him.

56.     As a result of Defendant's retaliation, Mr. Levine has suffered damages.

**COUNT TWO:**
**DISABILITY DISCRIMINATION,**
**IN VIOLATION OF**
**THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101 *et seq.***

57.     Paragraphs 1 through 51 are incorporated herein as if fully pled in this Count.

58.     Mr. Levine suffers from an actual disability as defined by the Americans with Disabilities Act, including his status as a cancer survivor and his related physical and mental health conditions, which substantially limit one or more major life activities.

59.     Mr. Levine was qualified to perform the essential functions of his job, with or without reasonable accommodation.

60.     Defendant subjected Mr. Levine to adverse employment actions, including unilaterally increasing his sales quota, issuing unwarranted discipline, and terminating his employment, because of his disability.

59.     The Defendant's conduct in discriminating against Mr. Levine on the basis of his disability was willful and/or with reckless indifference to Mr. Levine's rights under the Americans with Disabilities Act.

60.     As a result of Defendant's discrimination, Mr. Levine has suffered damages.

**COUNT THREE:**
**RETALIATION,**
**IN VIOLATION OF**
**THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12203**

61.     Paragraphs 1 through 51 are incorporated herein as if fully pled in this Count.

62.     Mr. Levine engaged in protected activity under the Americans with Disabilities Act when, in early February 2024, he complained to Defendant's human resources department that he was being "singled out" and discriminated against on the basis of his disabilities.

63.     Defendant was aware of Mr. Levine's protected activity.

64. Following his protected activity, Defendant took adverse employment actions against Mr. Levine, including issuing a written warning and terminating his employment.

65. There is a causal connection between Mr. Levine's protected activity and the adverse employment actions, demonstrated by the close temporal proximity between his complaints and the discipline and termination that followed.

66. The Defendant's conduct in retaliating against Mr. Levine was willful and/or in reckless disregard for Mr. Levine's right to be free from retaliation.

67. As a result of Defendant's retaliation, Mr. Levine has suffered damages.

## COUNT FOUR: DISABILITY DISCRIMINATION, IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT, CONN. GEN. STAT. § 46a-60 *et seq*.

68. Paragraphs 1 through 51 are incorporated herein as if fully pled in this Count.

69. Mr. Levine suffers from a physical and mental disability, as defined under the Connecticut Fair Employment Practices Act.

70. Mr. Levine was qualified to perform the essential functions of his position.

71. Mr. Levine's disability was a substantial and motivating factor in Defendant's decision to take one or more adverse employment actions against him, including increasing his quota, disciplining him, and terminating his employment.

72. The Defendant's violation of the Connecticut Fair Employment Practices Act was willful and/or in reckless disregard of Mr. Levine's right to be free from disability discrimination.

73. As a result of Defendant's discrimination, Mr. Levine has suffered damages.

**COUNT FIVE:**
**RETALIATION,**
**IN VIOLATION OF**
**THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT,**
**CONN. GEN. STAT. § 46a-60** *et seq.*

74. Paragraphs 1 through 51 are incorporated herein as if fully pled in this Count.

75. Mr. Levine engaged in protected activity under the Connecticut Fair Employment Practices Act by opposing Defendant's discriminatory practices when he complained to human resources in early February 2024.

76. Defendant retaliated against Mr. Levine by engaging in adverse employment actions against him, including issuing a written warning and terminating his employment, because of his participation in protected activity.

77. The Defendant's conduct was willful and/or in reckless disregard for Mr. Levine's right to be free from retaliation under the Connecticut Fair Employment Practices Act.

78. As a result of Defendant's retaliation, Mr. Levine has suffered damages.

**COUNT SIX:**
**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

79. Paragraphs 1 through 51 are incorporated herein as if fully pled in this Count.

80. § 31-128e(a) of the Connecticut General Statutes grants Mr. Levine the right to request that inaccurate information be removed from his personnel file and/or to submit a written statement explaining his position regarding inaccurate information in his personnel file.

81. This statute's public policy, and the judicial conception of this statute's public policy, clearly mandates that Mr. Levine be able to freely exercise his rights under this statute.

82. Mr. Levine exercised his rights under § 31-128e by submitting a rebuttal to a written warning on March 17, 2024.

83. Shortly thereafter, on April 22, 2024, ADP terminated Mr. Levine, at least in part, because of his exercise of rights under § 31-128e.

84. ADP's termination of Mr. Levine was intentional, willful, and/or with reckless disregard for his rights.

85. Mr. Levine has suffered damages because of ADP terminating his employment.

\* \* \*

**PRAYER FOR RELIEF**

**WHEREFORE,** the Plaintiff respectfully requests that this Court enter judgment in his favor against the Defendant and award him the following relief:

1. An award of economic damages, including but not limited to, back pay, front pay, lost wages, unpaid commissions and bonuses, and other consequential damages;

2. An award of compensatory damages for emotional distress, pain and suffering, humiliation, and reputational harm;

3. An award of liquidated damages;

4. An award of punitive damages;

5. An award of reasonable attorneys' fees and costs incurred in this action;

6. Pre-judgment and post-judgment interest on all monetary awards; and

7. Such other and further legal and equitable relief as the Court deems just and proper.

                                                                                         **RESPECTFULLY SUBMITTED,**
                                                                                         **THE PLAINTIFF**

By: /s/ *Amanda M. DeMatteis*
Amanda M. DeMatteis
GARRISON, LEVIN-EPSTEIN,
    FITZGERALD & PIRROTTI, P.C.
405 Orange Street
New Haven, CT 06511
Tel.: (203) 777-4425
Fax: (203) 776-3965
E-mail: adematteis@garrisonlaw.com

**Please enter my appearance on behalf of the Plaintiff in this matter.**